**Henry Ragonton RABANG, Appellant,**

v.

**John P. BOYD, District Director, Immigration and Naturalization Service, Appellee.**

**No. 14886.**

United States Court of Appeals Ninth Circuit.

June 14, 1956.

C. T. Hatten, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., Richard F. Broz, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before POPE and CHAMBERS, Circuit Judges, and BOLDT, District Judge.

BOLDT, District Judge.

The only issues in this habeas corpus proceeding are whether appellant is an alien within the meaning of 46 Stat. 1171, as amended,[1] and if so whether appellant, having entered and remained in the United States as a national, is deportable under the Act.

---

1. The Act of February 18, 1931, chapter 224, 46 Stat. 1171, as amended by Section 21, Chapter 439, Title II, Act of June 28, 1940, 54 Stat. 673, former 8 U. S.C. 156a* provides:

"Any alien (except an addict who is not a dealer in, or peddler of, any of the narcotic drugs mentioned in this act) who, after the enactment of this act, shall be convicted for violation of or conspiracy to violate any statute of the United States * * * taxing, prohibiting, or regulating the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, marihuana, * * * shall be taken into custody and deported * * *."

* Now Immigration and Nationality Act, § 241(a) (11), 8 U.S.C.A. § 1251(a) (11).

Appellant was born in the Philippine Islands in 1910 and has continually resided in the United States since his arrival as a national in 1930. He never has been and is not now a citizen of the United States.

On February 12, 1951, in the District Court for the Western District of Washington, appellant was convicted on a guilty plea of the crime of selling and giving away narcotic drugs in violation of 26 U.S.C.A. § 2554(a).[2] A penitentiary sentence was suspended and appellant was placed on probation for three years.

On February 27, 1951, the Immigration and Naturalization Service instituted proceedings at Seattle for deportation of appellant under the act referred to on the ground that after the effective date of the act appellant had been convicted of violation of 26 U.S.C.A. § 2554(a), a "law regulating traffic in narcotics." On October 26, 1951, appellant was ordered deported and subsequent appeal from such order was dismissed by the Board of Immigration Appeals. Thereafter an appeal to this court from the deportation order was dismissed for lack of prosecution. Appellant's petition for writ of habeas corpus, show cause, and declaratory judgment filed May 25, 1955, after hearing was denied by order of the district court and this appeal is from that order.

Appellant specifies error by the district court: (1) in finding that appellant now is an alien; (2) in determining that appellant, who came to the United States in the first instance as a national and did not "enter" as an alien, lawfully can be deported; and (3) in holding that a national of the United States can be divested of such status without a voluntary act of denationalization by such individual and solely from the fact that complete independence from the United States has been granted to persons residing in the territory in which the national was born.

In Cabebe v. Acheson, 1950, 183 F.2d 795, 802, this court held that "the United States government intended the status of Filipinos, regardless of domicile or place of residence at the date of Philippine independence, to be entirely separate from any phase of adherence to the United States. * * * We hold that Cabebe is * * * an alien." Under varying circumstances the same principle was reaffirmed in Mangaoang v. Boyd, 9 Cir., 1953, 205 F.2d 553 and again in Gonzales v. Barber, 9 Cir., 1953, 207 F.2d 398, affirmed on other grounds in 347 U.S. 637, 74 S.Ct. 822, 98 L.Ed. 1009.[3] In these decisions, to which we now adhere, this court has declined to follow the contentions of appellant in the present case.

The particular statute supporting the order here in question by its terms is applicable to "any alien." It does not directly or impliedly make "entry" a prerequisite to deportation as do the statutes involved in the Mangaoang and Gonzales cases. The rationale of the cited cases is contrary to petitioner's contention that the power to deport is based on the power to exclude and can only be applied to those who at the time of entry might lawfully have been excluded.

The order of the district court is affirmed.

2. "It shall be unlawful for any person to sell, barter, exchange, or give away any of the drugs mentioned in section 2550 (a) except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary." 53 Stat. 272; 26 U.S.C.A. § 2554(a).

3. Gonzales, like Rabang, entered continental United States as a national and not as an alien. He was held to be an alien by reason of the Philippine Independence Act of 1934, 48 Stat. 456, but not subject to deportation under Section 19 of the Immigration Act of 1917 under which entry as an alien is a prerequisite to deportation. In affirming the judgment the Supreme Court did not discuss the question now presented.